[No. H002907. Sixth Dist. Oct. 5, 1989.]

LORA BAXTER et al., Plaintiffs and Appellants, v.
ALEXIAN BROTHERS HOSPITAL, Defendant and Respondent.

**COUNSEL**

Reginald L. Crowell for Plaintiffs and Appellants.

Socrates Peter Manoukian and Wines & Manoukian for Defendant and Respondent.

**OPINION**

COTTLE, J.—This case presents an issue of statutory construction involving Health and Safety Code section 1799.110, which sets forth the criteria for admission of expert testimony in lawsuits against emergency room physicians. In an action for negligence and emotional distress against defendant hospital, the trial court refused to allow testimony by plaintiffs' expert

witness based on the court's construction of the statute, and accordingly granted a motion for nonsuit. On appeal, plaintiffs challenge the court's construction, arguing the statute is inapplicable in this case, and even if it is applicable, its language does not preclude their witness from testifying. We agree with the first argument and accordingly reverse the judgment. We thereupon find it unnecessary to address the second argument.

## Facts

On April 12, 1981, Gloria Baxter brought her daughter Lora to the emergency room of Alexian Brothers Hospital. Lora was experiencing severe abdominal pain and had been vomiting blood. The emergency physician on duty, aware that Lora was pregnant, assumed she was having a miscarriage and left her in the treatment room for two and one-half hours, returning periodically to examine her abdomen and take her blood pressure. Lora's blood pressure continued to drop and she went into severe shock.

Gloria called Lora's personal physician, Dr. Bennie Brown, from the emergency room. When Dr. Brown arrived, he performed a culdocentesis to determine the presence of abdominal bleeding, and concluded that Lora needed immediate surgery. When he appeared at the operating suite, however, he was informed that no anesthesiologist was available and it would take "too long" to assemble a surgical backup team to assist in the surgery. Dr. Brown called for an ambulance to transport Lora to San Jose Hospital, five to eight minutes away. There he confirmed his suspicion that she had a ruptured fallopian tube as a result of an ectopic pregnancy, and he surgically removed the affected tube.

Lora filed a complaint against Alexian Brothers, alleging the hospital was negligent in failing to have surgical staff available for emergency surgery. In the second cause of action Gloria alleged negligent infliction of emotional distress, claiming she suffered emotional disturbance as a result of having witnessed the events at the hospital.

At a pretrial conference the court ruled, over plaintiffs' objection, that plaintiffs would be required to present expert testimony to the jury on the standard of care of a hospital in the same or similar locality and under similar circumstances. However, when plaintiffs' counsel attempted at trial to qualify their witness, Dr. Barry Lewis, as an expert, the court ruled that the witness did not meet the conditions described in Health and Safety Code section 1799.110.[1] The court specifically stated that the witness's testimony could not be admitted because he had not had five years of experience as an

---

[1] All further statutory references are to the Health and Safety Code.

emergency room physician. Accordingly, it invited and granted a motion by defendant for nonsuit, based on lack of evidence of standard of care, and entered judgment for defendant. This appeal followed.

Discussion

■ It is well settled that a trial court may grant a nonsuit "only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of [the] plaintiff." (*Estate of Caspar* (1916) 172 Cal.147, 150 [155 P. 631]; *Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975].) On appeal we similarly evaluate the evidence in the light most favorable to the plaintiffs. (*Loral Corp.* v. *Moyes* (1985) 174 Cal.App.3d 268, 272 [219 Cal.Rptr. 836].) "Although a judgment of nonsuit must not be reversed if plaintiff's proof raises nothing more than speculation, suspicion, or conjecture, reversal is warranted if there is 'some substance to plaintiff's evidence upon which reasonable minds could differ . . . .' " (*Carson* v. *Facilities Development Co.* (1984) 36 Cal.3d 830, 839 [206 Cal.Rptr. 136, 686 P.2d 656].)

Section 1799.110, subdivision (c), states: "In any action for damages involving a claim of negligence against a physician and surgeon providing emergency medical coverage for a general acute care hospital emergency department, the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department. For purposes of this section, 'substantial professional experience' shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occurred."

■ Plaintiffs' first contention on appeal is that section 1799.110, subdivision (c), does not apply in this case because the action was against a hospital, not a "physician and surgeon." To this argument defendant responds that *Jutzi* v. *County of Los Angeles* (1987) 196 Cal.App.3d 637 [242 Cal.Rptr. 74] settles this question. In *Jutzi*, the Second District Court of Appeal construed section 1799.110 to apply to actions for damages "which arise from a claim that a physician was negligent in providing emergency medical care." (*Id.* at p. 650.) The court noted that the relevant consideration in applying the statute is the nature of the claim, not the identity of the defendants. "Since the clear purpose of section 1799.110 is to encourage

the provision of emergency medical care by preventing malpractice claims based on the assertion that an emergency room physician fell below the standard of care which could have been provided by a specialist in the particular field acting under nonemergency conditions, it would have been illogical for the Legislature to seek to achieve that result by shielding the physician from personal liability in certain situations while allowing the hospital or the governmental entity that operates it to be sued under the doctrine of respondeat superior." (*Id.* at p. 651.)

We agree with the holding and reasoning of *Jutzi,* but the facts of the instant case compel a different result. The action here, unlike that of *Jutzi,* does not arise from an allegation of negligence by the emergency room physician who treated Lora; it involves a claim that the hospital failed to provide essential hospital services: a backup surgical team and an anesthesiologist. The legislative purpose underlying section 1799.110 is not furthered by restricting claims against a hospital which do not implicate the performance of the treating physician. We conclude, therefore, that the court erred in applying this section where there was no allegation of negligent care by an emergency physician.

■ A reviewing court ordinarily considers only the grounds specified in the motion at trial. (*Lawless* v. *Calaway* (1944) 24 Cal.2d 81, 94 [147 P.2d 604].) In this action it is clear that the granting of the nonsuit motion was based solely on the trial court's application of section 1799.110 to bar Dr. Lewis's testimony on standard of care.[2] Because this application of the statute was error, the judgment entered in defendant's favor must be reversed to give plaintiffs the opportunity to present their case to the jury. In so holding, we express no opinion regarding the merits of plaintiffs' complaint.

---

[2]Upon inviting and receiving the motion for nonsuit, the trial judge asked appellant's counsel, "Mr. Crowell, besides the fact that you don't agree with the court's ruling, I certainly understand that you do not, why should the court not grant the motion?

"Mr. Crowell: Well, your Honor—

"The Court: You haven't complied with the statute now, have you?

"[Mr. Crowell:] Your honor, for the life of me, this statute here—

"The Court: . . . [¶] The fact of the matter is, the doctor is not an E.R. doctor for five years and that's how I read the statute. Maybe I read it wrongly. That's how I read the statute.

"If he hasn't been an E.R. doctor for five years, he doesn't qualify as an expert under the code section. Assuming that I used the one that you showed me, it appears to relate only to doctors. Under those circumstances, you haven't got an expert witness."

The judgment is reversed. Plaintiffs shall recover costs on appeal.

Agliano, P. J., and Elia, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 21, 1989.